UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ANTHONY COLES,

  Plaintiff,           Case No. 3:15-cv-420

vs.

MANCOR INDUSTRIES, *et al.,*     District Judge Walter H. Rice
                   Magistrate Judge Michael J. Newman

  Defendants.

---

**REPORT AND RECOMMENDATION[1] THAT THE COURT DISMISS THIS ACTION PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(i) AND FED. R. CIV. P. 12(h)(3)**

---

  This case is before the Court for a *sua sponte* review of *pro se* Plaintiff Anthony Coles' complaint pursuant to 28 U.S.C. § 1915(e)(2).  Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP") on November 24, 2015 (doc. 1), which the Court granted by Notation Order.  The Court stayed service of the complaint pending this initial review under § 1915(e)(2).  Finding Plaintiff's claim barred by the *Rooker-Feldman* doctrine, the undersigned recommends that this case be dismissed.

  Pursuant to § 1915, the Court may dismiss a complaint upon finding: (1) the claims are frivolous or malicious; (2) it fails to state a claim upon which relief may be granted; or (3) it seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  A complaint "is frivolous where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  It is appropriate for the Court to conduct this review *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints."  *Id.* at 324.  In addition to

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

§ 1915(e)(2) review, the Court must dismiss an action if it determines at any time that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Here, *pro se* Plaintiff brings this action against Defendants Mancor Industries ("Mancor") and Daily Services LLC dba I-Force ("I-Force"), doc. 1 at PageID 5, after having previously sued them in the Montgomery County, Ohio Court of Common Pleas alleging wrongful discharge in violation of public policy. Doc. 1-2 at PageID 8, 10. The Common Pleas Court ultimately granted summary judgment in Defendants' favor, *id.* at PageID 8-16; the Second District Court of Appeals affirmed; and the Supreme Court of Ohio declined jurisdiction. *Coles v. I-Force*, No. 26385, 2015 WL 1277989 (Ohio Ct. App. Mar. 20, 2015), *cert. denied,* 143 Ohio St. 3d 1466 (2015). In the action pending here, Plaintiff refers to the summary judgment decision -- which he attaches as an exhibit -- and argues that such decision "is not supported[] base[d] on the only provided/presented evidence[] to [the] court[.]" Doc. 1-1 at PageID 6; *see also* doc. 1-5 at PageID 27-28. Specifically, Plaintiff claims that, in ruling against him, the Common Pleas Court misrepresented his deposition testimony. Doc. 1-1 at PageID 6; doc. 1-3 at PageID 18-19.

Under the *Rooker-Feldman* doctrine, the federal courts lack authority to sit as a state appellate court to review state-court determinations. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The Supreme Court recently clarified that the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005). The pertinent inquiry is whether the "source of injury" upon which the plaintiff bases his or her

federal claim is a state court judgment. *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006).

Under the foregoing analysis, Plaintiff's claim falls within the scope of the *Rooker-Feldman* doctrine. As previously noted, Plaintiff asserts that the Common Pleas decision -- later affirmed on appeal -- was erroneous and unsupported by the evidence before the court, and alleges no other source of injury. *See* doc. 1 at PageID 6. Plaintiff is clearly a "state-court loser" inviting "review and rejection" of a state-court judgment against him. *See Exxon*, 544 U.S. at 284. Therefore, under the *Rooker-Feldman* doctrine, this Court may not exercise jurisdiction over Plaintiff's claim.

Because Plaintiff's claim is barred by the *Rooker-Feldman* doctrine, it is legally frivolous. *See Parker v. Phillips*, 27 F. App'x 491, 493–94 (6th Cir. 2001) (holding an action to be frivolous under § 1915(e) where one ground for dismissal is *Rooker–Feldman*); *see also Carlock v. Williams*, No. 98–5545, 1999 WL 454880, at *2 (6th Cir. June 22, 1999). Accordingly, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and Fed. R. Civ. P. 12(h)(3). It is further **RECOMMENDED** that the Court **CERTIFY** that an appeal of an Order adopting this Report and Recommendation would be frivolous and not taken in good faith, and therefore Plaintiff be **DENIED** *in forma pauperis* status on such an appeal. *See* 28 U.S.C. § 1915(a)(3).

Date:   December 9, 2015                           *s/ Michael J. Newman*
                                                   Michael J. Newman
                                                   United States Magistrate Judge

3

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).