IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTHONY COLES, :
    Plaintiff, :
  v. : Case No. 3:15-cv-420
MANCOR INDUSTRIES, *et al.*, : JUDGE WALTER H. RICE
    Defendants. :

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #4);
OVERRULING PLAINTIFF'S OBJECTIONS THERETO (DOC. #6);
DISMISSING COMPLAINT (DOC. #2) WITH PREJUDICE; JUDGMENT
TO ENTER IN FAVOR OF DEFENDANTS AND AGAINST PLAINTIFF;
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD
FAITH, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS*;
TERMINATION ENTRY

---

*Pro se* plaintiff Anthony Coles previously filed a complaint in state court, alleging wrongful discharge in violation of public policy. The state court granted summary judgment in favor of his previous employer. Coles then filed suit in federal court, alleging that, in granting summary judgment, the state court violated his rights under the Fourteenth Amendment to the United States Constitution.

Coles was granted leave to proceed *in forma pauperis*. On December 9, 2015, United States Magistrate Judge Michael J. Newman issued a Report and Recommendations. Doc. #4. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(1) and

Federal Rule of Civil Procedure 12(h)(3), he recommended that the case be dismissed because Coles' claims were barred by the *Rooker-Feldman* doctrine.

On December 14, 2015, despite having been granted leave to proceed *in forma pauperis*, Coles paid the $400 filing fee.  Doc. #5.  On December 22, 2015, he filed Objections to the Report and Recommendations.  Doc. #6.

Plaintiff's payment of the filing fee after having been granted *in forma pauperis* status does not insulate his claims from dismissal under 28 U.S.C. § 1915(e)(2).  That statute provides as follows:

> *Notwithstanding any filing fee*, or any portion thereof, *that may have been paid*, the court shall dismiss the case at any time if the court determines that—
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal—
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (emphasis added).  *See also McGore v. Wrigglesworth*, 114 F.3d 601, 609 (6th Cir. 1997) ("even if the full filing fee is paid, the district court must dismiss the complaint if it comports with § 1915(e)(2)"), *overruled on other grounds in LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *Fogle v. Pierson*, 435 F.3d 1252, 1257-58 (10th Cir. 2006) (holding that dismissal under § 1915(e)(2) was proper even though plaintiff had paid full filing fee after being granted *in forma pauperis* status).

Based on the reasoning and citations of authority set forth by Magistrate Judge Newman in his Report and Recommendations, as well as on a thorough *de*

*novo* review of this Court's file and the applicable law, the Court ADOPTS said judicial filing, Doc. #4, in its entirety.

Plaintiff's Objections, Doc. #6, are OVERRULED. Even where a district court would otherwise have subject matter jurisdiction over a claim, the *Rooker-Feldman* doctrine prohibits that court from reviewing a claim in which the source of the alleged injury is a state court judgment rendered before the district court proceedings are commenced, and in which the plaintiff essentially asks the district court to review and reject that judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). That is precisely what Plaintiff in this case asks the Court to do. Therefore, despite the alleged constitutional violation, the Court lacks subject matter jurisdiction to adjudicate this claim.

For this reason, the Court DISMISSES Plaintiff's Complaint (Doc. #2) WITH PREJUDICE. Judgment shall be entered in favor of Defendants and against Plaintiff.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this Decision and Entry would not be taken in good faith and would be objectively frivolous. Accordingly, Plaintiff is denied leave to appeal *in forma pauperis*.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: March 23, 2016

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE